# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| TRADING PLACES INTERNATIONAL, LLC, ) ) ) | |
| Plaintiff, ) ) | Case No. 15-03092-CV-S-BP |
| v. ) ) | |
| SUMMERWINDS RESORT SERVICES, LLC, et al., ) ) ) | |
| Defendants. ) | |

## ORDER

This case comes before the Court on Defendants Summerwinds Resort Services, LLC's ("Summerwinds") and Stormy Point Village – Phase III Property Owners Association, Inc.'s ("Stormy Point") Motion to Dismiss Due to Lack of Subject-Matter Jurisdiction, (Doc. 7), and Motion to Dismiss Counts II and III for Failure to State a Claim, (Doc. 8). For the following reasons, the Court **DEFERS RULING** on Summerwinds' and Stormy Point's Motions.

**I.  Background**

Plaintiff, Trading Places International, LLC ("TPI"), contends in its Complaint that it had two contracts with Stormy Point: (1) a Premier Access Resort Affiliation Agreement; and (2) a Management Agreement. TPI claims that Summerwinds has interfered with its management contract with Stormy Point. Further, TPI contends that Stormy Point has indicated it will breach the agreement and will not allow TPI to be its exclusive managing agent through the end of the contract term. As a result, TPI has filed the instant lawsuit against Summerwinds and Stormy Point seeking a declaratory judgment against both Defendants. Alternatively, TPI seeks a

finding that Stormy Point breached the contract and that Summerwinds tortiously interfered with the contract between TPI and Stormy Point.

Defendants have moved to dismiss this matter for lack of subject jurisdiction. Alternatively, Defendants contend Counts II and III fail to state a claim and should be dismissed. The Court takes up the parties' arguments in turn below.

## II. Subject Matter Jurisdiction[1]

First, Defendants contend that TPI has not established diversity jurisdiction, and requests the Court dismiss TPI's Complaint. Specifically, Defendants contend that the citizenship of TPI and Summerwinds has not been established as TPI has not alleged the citizenship of the members of the LLCs. Thus, Defendants argue dismissal is appropriate.

Diversity jurisdiction requires that each plaintiff be diverse from each defendant. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978); *In re Prempro Prods. Liability Litigation*, 591 F.3d 613, 620 (8th Cir. 2010). Defendants are correct that a limited liability company's citizenship is the citizenship of each of its members. *GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 828-29 (8th Cir. 2004). However, Defendants do not allege that the parties are not diverse, merely that TPI has not properly set forth the citizenship of the parties. (*See* Doc. 7.) TPI contends it has a good faith belief that Summerwinds is a citizen of Missouri. Further, TPI notes that it would be difficult for it to determine the citizenship of Summerwinds absent discovery. In addition, TPI asserts that it is a citizen of Florida for diversity purposes. Therefore, in order to determine if diversity jurisdiction exists, Summerwinds is ordered to provide information regarding its members to establish its

---

[1] The parties do not dispute the amount in controversy exceeds $75,000.00. Further, the Complaint indicates TPI claims damages in the amount of $3,000,000.00. (*See* Doc. 1.) Thus, the Court finds the amount in controversy is sufficient for jurisdictional purposes. 28 U.S.C. § 1332

2

citizenship.  Because subject matter jurisdiction is unclear, the Court will defer ruling on the Motions to Dismiss until subject matter jurisdiction can be established.

### III. Conclusion

Accordingly, the Court **DEFERS RULING** on Defendants' Motion to Dismiss Due to Lack of Subject-Matter Jurisdiction, (Doc. 7), and Motion to Dismiss Counts II and III for Failure to State a Claim, (Doc. 8), until the citizenship of all parties can be determined.  Further, Summerwinds is **ORDERED** to notify the Court of the citizenship of its members within 14 days from the date of this Order.

**IT IS SO ORDERED.**

/s/ Beth Phillips
BETH PHILLIPS, JUDGE
UNITED STATES DISTRICT COURT

DATE:  July 16, 2015