IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| TRADING PLACES INTERNATIONAL, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 6:15-cv-03092-BP |
| | ) |
| SUMMERWINDS RESORT SERVICES, LLC, ET AL., | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION AND/OR FAILURE TO STATE A CLAIM**

COME NOW Defendants Summerwinds Resort Services, LLC, ("Summerwinds") and Stormy Point Village – Phase III Property Owners Association, Inc., (the "Association") and offer the following suggestions in support of their *Motion to Dismiss Plaintiff's First Amended Complaint for Lack of Subject Matter Jurisdiction and/or failure to state a claim*:

### STANDARD OF REVIEW

Standing is a threshold issue in every case. *Arkansas Right to Life State Political Action Committee v. Butler*, 146 F.3d 558, 560 (8th Cir. 1998). If a plaintiff lacks standing, the district court has no subject matter jurisdiction. *Young America Corp. v. Affiliated Computer Services (ACS), Inc.*, 424 F.3d 840, 843 (8th Cir. 2005) (quoting *Faibisch v. Univ. of Minn.*, 304 F.3d 797, 801 (8th Cir. 2002)). In considering a motion to dismiss for lack of subject matter jurisdiction, the district court has authority to consider matters outside the pleadings. *Drevlow v. Lutheran Church, Missouri Synod*, 991 F.2d 468, 470 (8th Cir. 1993). The district court has broad discretion to decide its own right to hear the case, and jurisdictional issues, whether questions of law or fact, are for the court to decide. *Osborn v. U.S.*, 918 F.2d 724, 729 (8th Cir. 1990).

1

## ARGUMENT

Plaintiff Trading Places International, LLC ("TPI, LLC"), is a California limited liability Company formed November 30, 2010. See **Exhibit 1**, TPI, LLC Missouri Secretary of State records. In its First Amended Complaint, TPI, LLC asserted claims to enforce rights under a management agreement with defendants; namely that certain Amended and Restated Sub-Management Agreement dated July 20, 2010. First Amended Complaint Exhibit C. However, TPI, LLC is not a party to the management agreement. Rather, the agreement is with Trading Places International, Inc. ("TPI, Inc."), which is a California corporation formed in October 1973. See **Exhibit 2**, TPI, Inc. Missouri Secretary of State records; See also First Amended Complaint, Exhibits B p.1 and Exhibit C p.1. In fact, the management agreement TPI, LLC seeks to enforce was made before the limited liability company was even formed.

TPI, LLC is clearly not a party to the Amended and Restated Sub-Management Agreement, and TPI, LLC has not pleaded any facts to explain how or why it has a right to enforce the management agreement, or how it succeeded to TPI, Inc.'s contract rights. In the absence of these facts, TPI has no standing to enforce the management agreement and the Court lacks jurisdiction to hear the claims asserted in TPI, LLC's First Amended Complaint. Accordingly, the First Amended Complaint should be dismissed for lack of jurisdiction and/or failure to state a claim for which relief may be granted.

"[T]he core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). A plaintiff invoking federal jurisdiction bears the burden of establishing the three elements of standing:

(1) plaintiff suffered an "injury in fact," an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical;

(2) Causal connection between the injury and the conduct complained of; and

(3) It is likely that the injury will be redressed by a favorable decision.

*Id.* at 560-61. Article III judicial power exists only to redress injury to the complaining party, and a "federal court's jurisdiction therefore can be invoked only when the plaintiff himself has suffered some threatened or actual injury[.]" *Warth v. Seldin*, 422 U.S. 490, 499 (1975). The plaintiff must assert his own legal rights and interests and cannot rest his claim to relief on the legal rights or interests of third parties. *Id.* At the pleading stage, it is the plaintiff's burden to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute. *Oetting v. Norton*, ___ F.3d ___, 2015 WL 4620306, at *3 (8th Cir. 2015) (quoting *Warth*, 422 U.S. at 518).

TPI, LLC has not met its burden. It has not established it is the proper party to invoke judicial resolution of this dispute. As shown on Exhibit B to the First Amended Complaint, the party to the original Management Agreement signed in 2008 is TPI, Inc. Likewise, TPI, Inc. is a party to the 2010 Amended and Restated Sub-Management Agreement which superseded the 2008 agreement, and is attached to the First Amended Complaint as Exhibit C. TPI, LLC and TPI, Inc. are separate legal entities, and the record shows that TPI, LLC was not even formed until sometime after the 2010 Amended and Restated Sub-Management Agreement was made. Since TPI, LLC is not a party to the management agreement, it has no standing to enforce it.

Furthermore, the 2010 Amended and Restated Sub-Management Agreement prohibits assignment of TPI, Inc's obligations and duties without the express written consent of Defendant Summerwinds. First Amended Petition Exhibit C p.7, ¶12. Assuming for the sake of argument

that TPI, LLC somehow succeeded TPI, Inc.'s contract rights, plaintiff has not pleaded that it did so or explained how that happened.  Unless TPI, Inc. obtained the express written consent of Summerwinds to assign its contract rights, TPI, LLC has no right to enforce the management agreement.

As a result, Plaintiff has not demonstrated that it is a party to the management agreement or otherwise entitled to enforce the legal rights of TPI, Inc. and thereby fails to show that it has suffered an injury in fact as is required to meet plaintiff's burden of establishing standing.

WHEREFORE, Defendants Summerwinds Resort Services, LLC, and Stormy Point Village – Phase III Property Owners Association, Inc., pray the Court enter an order dismissing Plaintiff's First Amended Complaint for lack of subject matter jurisdiction due to Plaintiff's lack of standing and/or for failure to state a claim for which relief may be granted, awarding Defendants their costs and attorneys' fees herein incurred, and for such other and further relief as the court deems just, equitable, and proper.

HUSCH BLACKWELL LLP

By: /s/ *Christopher F. Weiss*
Bryan O. Wade, #41939
Christopher F. Weiss, #49314
901 St. Louis St., Suite 1800
Springfield, MO  65806
Office: (417) 268-4000
Fax No: (417) 268-4040
Bryan.wade@huschblackwell.com

Attorneys for Defendants

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a true and accurate copy of the foregoing instrument was forwarded this 28th day of August, 2015, by notification through the court's efiling system to:

| | |
|---|---|
| James Meadows<br>Joshua B. Christensen<br>Lathrop & Gage, LLP<br>910 East St. Louis Street, Suite 100<br>Springfield, MO 65806<br>jmeadows@lathropgage.com<br>jchristensen@lathropgage.com | Joshua D. Neally<br>205 Park Central East, Suite 501<br>Springfield, MO 65806<br>Joshua@neallylaw.com |

                                            /s/ *Christopher F. Weiss*
                                            Christopher F. Weiss