

August 11, 2015

**Via Mail and Email: loren.gallagher@vriresorts.com**
Loren Gallagher
25510 Commercentre Drive
Lake Forest, CA 92630

and

Trading Places International, Inc.
Attn: President
23807 Aliso Creek Rd., Suite 100
Laguna Niguel, CA 92677

      **RE: NOTICE OF DEFAULT**

DearLoren:

      I am writing on behalf of Summerwinds Resort Management Company, LLC ("Summerwinds") and the Stormy Point Village – Phase III Property Owners Association, Inc. (the "Association") and pursuant to the terms of the Amended and Restated Sub-Management Agreement dated July 20, 2010 between Trading Places International, Inc. ("TPI") and Summerwinds (misnamed in the agreement Summerwinds Resort Services, LLC). It has come to our attention that TPI has failed to fully and faithfully perform its duties under its management agreement and is in default thereof. We believe TPI has over-charged the Association for the professional fees allowed under themanagement agreementand otherwise failed to perform its financial/accounting obligations properly and in good faith.

      Both the 2008 Management Agreement and the Amended and Restated Sub-Management agreement divide TPI's fees into three categories. Fees for management services are $1.50 per owner per month or $3,392.00, whichever is greater. Fees for financial and accounting services are $1.10 per owner per month or $2,465.00, whichever is greater. Fees for reservation services are $2.00 per owner per month or $4,143.00, whichever is greater. The management agreements

provide that TPI will simplify the billing process by combining these three fees into one fee of $5.50 per owner per month or $10,000.00, whichever is greater. When the three "per owner" fees are added they total $4.60 not $5.50. Since $3,392.00, $2,465.00, and $4,143.00 add up to $10,000.00, it is clear the $5.50 amount is a miscalculation of the total of the three "per owner" fees, which should not exceed $4.60. We believe that TPI has been charging the Association fees in excess of that intended by the Agreement. In addition to the foregoing, we also believe TPI charged and collected fees for management services it never provided or earned. While TPI provides financial/accounting and reservation services to the Association, it has never provided on site management, yet our initial analysis indicates TPI has charged the association fees for management services.

Without a full accounting from TPI for the amounts it has charged to and collected from the Association, we are unable to verify the precise amount owed to the Association, but our initial analysis indicates the amount is in excess of $500,000. Last week, on behalf of the board of directors for the Association, I asked you to verify how TPI calculated its management fees. This was a simple and straight-forward request that TPI should have been readily able to answer. Despite this, and despite its contractual and fiduciary obligations to the Association, TPI has failed to respond to the request for information.

Based on the foregoing, it is apparent TPI has been charging fees in excess of that allowed under the management agreements and/or in excess of that which it has earned. We also have reason to believe that TPI has known for some time that it has been overcharging the Association, but failed to disclose it to the Association or Summerwinds, and has either negligently or fraudulently paid itself fees TPI knew or should have known should not have been charged. As a result, TPI has breached its duties to the Association and under its management agreement. TPI's conduct has damaged the Association.

In addition to its overcharging, TPI also failed to properly and in good faith perform its other general obligations under the management agreements, including but not to limited to its financial/accounting duties, which has further damaged the Association. Among other things, TPI has failed to: maintain the funds collected from the Association's members in a special bank account in a federal insurance bank or financial institution in the State of Missouri; properly prepare budgets; effectively and in good faith communicate with the board of directors for the Association; conduct a proper accounting/audit of the association's finances as relates to TPI's management fees; and it has generally managed the Association's finances for its own benefit instead of for the benefit of the Association. As a result, TPI has failed to fully and faithfully perform its obligations under the management agreements and is in breach of the agreements.

Pursuant to paragraph 3.2 of the Amended and Restated Sub-Management Agreement dated July 20, 2010, notice is provided that TPI is in default of the Amended and Restated Sub-Management Agreement. If the default cannot be cured, and/or is not cured within 30 days, the Amended and Restatement Sub-Management Agreement and all relationships with TPI will be terminated for cause. On behalf of Summerwinds and the Association, I hereby demand that TPI provide a full accounting of all fees and amounts charged to and collected from the Association, and that TPI repay all amounts wrongfully charged within 30 days. If payment is not received within 30 days and all defaults are not cured, the Amended and Restated Sub-Management Agreement may be terminated for cause. In addition, TPI is directed to cease making any

**EXHIBIT B**

payments to itself from the Association's accounts until such time as this matter is resolved and/or without the express written authorization of the board of directors for the Association.

Sincerely,

Joseph Patrick Joyce
President, Stormy Point Village – Phase III
Property Owners Association, Inc.;

and

Managing Member of Summerwinds
Resort Management Company, LLC.

**EXHIBIT B**