# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| TRADING PLACES INTERNATIONAL, LLC, | ) ) ) |
| Plaintiff; | ) ) |
| vs. | ) Case No. 6:15-cv-03092-BP ) |
| SUMMERWINDS RESORT SERVICES, LLC, et al., | ) ) ) |
| Defendants. | ) ) |

## PLAINTIFF TPI'S ANSWER
## TO COUNTERCLAIMS OF ASSOCIATION

COMES NOW Plaintiff, Trading Places International, LLC, ("TPI") by and through counsel, and for its Answer to the Counterclaims (Doc. 37) of Stormy Point Village – Phase III Property Owners Association, Inc. (the "Association"), admits, denies, and avers as follows:

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted in part, denied in part. TPI admits that the amount in controversy exceeds $75,000 and that this Court has jurisdiction under 28 U.S.C. § 1332(a), and denies in all further allegations in Paragraph 7.

8. Admitted in part, denied in part. TPI admits that venue in this judicial district is proper, and denies all other allegations in Paragraph 8.

9. Admitted in part, denied in part. TPI admits that a true and correct copy of the Premier Access Agreement is attached and incorporated as Exhibit D of Association's Counterclaim, but denies the rest of Paragraph 9 as legal conclusions stating that those issue of law will be ultimately determined by this Court, and denies any further allegations contained in Paragraph 9.

**The Association Management Agreement**

10. Admitted.

11. Admitted in part, denied in part. TPI admits it performed management duties for the Association pursuant to a Management Agreement dated January 1, 2008, but all further allegations contained in Paragraph 11 are denied.

12. Denied.

13. Admitted in part, denied in part. TPI admits it was party to the Amended and Restated Sub-Management Agreement executed on or about July 20, 2010. TPI lacks sufficient knowledge to admit or deny the remaining allegations of Paragraph 13, including specifically that Summerwinds Resort Management Company, LLC was misidentified as Summerwinds Resort Services, LLC, and thus it denies the same.

14. Paragraph 14 of the Association's counterclaims contains characterization of a written document which speaks for itself and legal conclusions to which no answer is required. To the extent an answer is required, TPI denies the allegations of this paragraph.

15. Admitted in part, denied in part. TPI admits it was engaged as Sub-Manager under the Amended and Restated Sub-Management Agreement, but the remaining allegations of Paragraph 15 are denied as constituting a characterization of a written document that speaks for itself, and are further denied to the extent Paragraph 15

2
24969054v5

improperly attempts to state obligations without ever referencing the Amendment to Management Agreement executed on or about November 25, 2012.

16. Admitted in part, denied in part. TPI admits Trading Places International, Inc. was converted to a limited liability company, Trading Places International, LLC, and admits that Trading Places International, Inc. is now—and was previously—known as TPI. All other allegations in Paragraph 16 are denied.

17. Paragraph 17 of the Association's counterclaims contains characterization of a written document which speaks for itself and legal conclusions to which no answer is required. To the extent an answer is required, TPI denies the allegations of this paragraph.

18. Paragraph 18 of the Association's counterclaims states legal conclusions to which no answer is required. To the extent an answer is required, TPI denies the allegations of this paragraph.

19. Paragraph 19 of the Association's counterclaims contains characterization of a written document which speaks for itself and legal conclusions to which no answer is required. To the extent an answer is required, TPI denies the allegations of this paragraph.

20. Paragraph 20 of the Association's counterclaims contains characterization of a written document which speaks for itself and legal conclusions to which no answer is required. To the extent an answer is required, TPI denies the allegations of this paragraph.

21. Paragraph 21 of the Association's counterclaims contains characterization of a written document which speaks for itself and legal conclusions to which no answer is

24969054v5

required. To the extent an answer is required, TPI denies the allegations of this paragraph.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Paragraph 36 of the Association's counterclaims states legal conclusions to which no answer is required. To the extent an answer is required, TPI denies the allegations of this paragraph.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Admitted in part, denied in part. TPI admits that a letter from Patrick Joyce with a memo line of "Notice of Default" was sent on or about August 25, 2015 (despite bearing an incorrect date of August 11, 2015), and admits that Association's Exhibit B is a true and accurate copy of that letter. All remaining allegations in Paragraph 42 are denied.

43. Denied.

44. Admitted in part, denied in part. TPI admits that a letter from Patrick Joyce with a memo line of "Notice of Termination and Change of Service" was sent on or about September 28, 2015, and admits that Association's Exhibit C is a true and accurate copy of that letter. All remaining allegations in Paragraph 44 are denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied, together with all subparagraphs.

52. Denied.

53. Denied.

**The Premier Access Agreement**

54. Paragraph 54 of the Association's counterclaims contains characterization of a written document which speaks for itself and legal conclusions to which no answer is required. To the extent an answer is required, TPI denies the allegations of this paragraph.

5

55. Paragraph 55 of the Association's counterclaims contains characterization of a written document which speaks for itself and legal conclusions to which no answer is required. To the extent an answer is required, TPI denies the allegations of this paragraph.

56. Paragraph 56 of the Association's counterclaims contains characterization of a written document which speaks for itself and legal conclusions to which no answer is required. To the extent an answer is required, TPI denies the allegations of this paragraph.

57. Denied. There are no "biannual" owners and Paragraph 57 of the Association's counterclaims contains legal conclusions to which no answer is required. To the extent an answer is required, TPI denies the allegations of this paragraph.

58. Denied. There are no "biannual" owners and Paragraph 58 of the Association's Counterclaims contains legal conclusions to which no answer is required. To the extent an answer is required, TPI denies the allegations of this Paragraph

59. Paragraph 59 of the Association's counterclaims contains legal conclusions to which no answer is required. To the extent an answer is required, TPI denies the allegations of this paragraph.

60. Denied.

61. Paragraph 61 of the Association's counterclaims contains legal conclusions to which no answer is required. To the extent an answer is required, TPI denies the allegations of this paragraph.

62. Admitted.

63. Denied.

64. TPI lacks sufficient knowledge to admit or deny the allegations of Paragraph 64, and therefore denies the same.

65. Denied.

66. TPI lacks sufficient knowledge to admit or deny the allegations of Paragraph 66, and therefore denies the same

67. TPI lacks sufficient knowledge to admit or deny the allegations of Paragraph 67, and therefore denies the same.

68. Denied.

69. Denied.

70. TPI lacks sufficient knowledge to admit or deny the allegations of Paragraph 70, and therefore denies the same.

71. Denied.

72. Denied.

73. Denied.

**COUNT I**
**ALLEGED BREACH OF CONTRACT (MANAGEMENT AGREEMENT)**

74. TPI restates each of its admissions, denials, and averments in the preceding paragraphs as if fully set forth herein.

75. Paragraph 75 of the Association's counterclaims contains characterization of a written document which speaks for itself and legal conclusions to which no answer is required. To the extent an answer is required, TPI denies the allegations of this paragraph.

76. Paragraph 76 of the Association's counterclaims contains characterization of a written document which speaks for itself and legal conclusions to which no answer is

required. To the extent an answer is required, TPI denies the allegations of this paragraph.

77. Paragraph 77 of the Association's counterclaims contains characterization of a written document which speaks for itself and legal conclusions to which no answer is required. To the extent an answer is required, TPI denies the allegations of this paragraph.

78. Paragraph 78 of the Association's counterclaims contains characterization of a written document which speaks for itself and legal conclusions to which no answer is required. To the extent an answer is required, TPI denies the allegations of this paragraph.

79. Paragraph 79 of the Association's counterclaims consists of legal conclusions to which no answer is required. To the extent an answer is required, TPI denies the allegations of this paragraph.

80. Paragraph 80 of the Association's counterclaims contains characterization of a written document which speaks for itself and legal conclusions to which no answer is required. To the extent an answer is required, TPI denies the allegations of this Paragraph.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

90. Denied.

## COUNT II
## ALLEGED BREACH OF CONTRACT (PREMIER ACCESS AGREEMENT)

91. TPI restates each of its admissions, denials, and averments in the preceding paragraphs as if fully set forth herein.

92. Paragraph 92 of the Association's counterclaims contains characterization of a written document which speaks for itself and legal conclusions to which no answer is required. To the extent an answer is required, TPI denies the allegations of this paragraph.

93. Denied.

94. Denied.

95. Denied.

## COUNT III
## ALLEGED BREACH OF FIDUCIARY DUTY

96. TPI restates each of its admissions, denials, and averments in the preceding paragraphs as if fully set forth herein.

**a.     Alleged Breach of Fiduciary Duty Regarding Management Fee.**

97. Paragraph 97 of the Association's counterclaims contains characterization of a written document which speaks for itself and legal conclusions to which no answer is required. To the extent an answer is required, TPI denies the allegations of this paragraph.

98. Denied.

99. Denied.

24969054v5

100. Denied.

**b.   Alleged Breach of Fiduciary Duty Regarding Premier Access Fees.**

101. Denied.

102. Denied.

103. Denied.

# COUNT IV
# ALLEGED BREACH OF FIDUCIARY DUTY

104. TPI restates each of its admissions, denials, and averments in the preceding paragraphs as if fully set forth herein.

**a.   Alleged Fraud Regarding Management Fees.**

105. Admitted in part, denied in part. TPI admits it has prepared financial reports, audits and budgets for the Association and presented the same to the Association's board of directors. TPI denies doing this only "As Sub-Manager," as this improperly characterizes TPI's role under the Management Agreement and neglects the existence of the Amendment to Management Agreement executed on or about November 25, 2012. All other allegations in Paragraph 105 are denied.

106. Denied.

107. Denied.

108. Denied.

109. Denied.

110. Denied.

111. Denied.

112. Denied.

113. Denied.

114. Paragraph 114 of the Association's counterclaims contains characterization of a written document which speaks for itself and legal conclusions to which no answer is required. To the extent an answer is required, TPI denies the allegations of this paragraph.

115. TPI lacks sufficient knowledge to admit or deny the allegations of Paragraph 115, and therefore denies the same

116. Denied.

117. Denied.

**b.      Alleged Fraud Regarding Premier Access Fees.**

118. Admitted in part, denied in part. TPI admits it has prepared financial reports, audits and budgets for the Association and presented them to the Association's board of directors. TPI denies doing this only "As Sub-Manager," as this improperly characterizes TPI's role under the Management Agreement and neglects the existence of the Amendment to Management Agreement executed on or about November 25, 2012. All other allegations in Paragraph 118 are denied.

119. Denied.

120. Denied.

121. Denied.

122. Denied.

123. TPI lacks sufficient knowledge to admit or deny the allegations of Paragraph 123, and therefore denies the same.

124. Denied.

125. Denied.

126. Denied.

127. Denied.

128. Denied.

129. Paragraph 129 of the Association's counterclaims contains characterization of a written document which speaks for itself and legal conclusions to which no answer is required. To the extent an answer is required, TPI denies the allegations of this paragraph.

130. Denied.

131. Denied.

## COUNT V
## ACCOUNTING

132. TPI restates each of its admissions, denials, and averments in the preceding paragraphs as if fully set forth herein.

133. Paragraph 133 states a legal conclusion to which no answer is required. To the extent an answer is required, TPI denies the allegations of this paragraph.

134. Denied.

135. Denied.

136. Paragraph 136 states a legal conclusion to which no answer is required. To the extent an answer is required, TPI denies the allegations of this paragraph.

137. Denied.

138. Denied.

## COUNT VI
## ALLEGATIONS OF MONEY HAD AND RECEIVED

139. TPI restates each of its admissions, denials, and averments in the preceding paragraphs as if fully set forth herein.

140. Paragraph 140 states a legal conclusion to which no answer is required. To the extent an answer is required, TPI denies the allegations of this paragraph.

141. Denied.

142. Denied.

## COUNT VII
## ALLEGATIONS OF UNJUST ENRICHMENT

143. **[Improperly labeled as 139.]** TPI restates each of its admissions, denials, and averments in the preceding paragraphs as if fully set forth herein.

144. **[Improperly labeled as 140.]** Paragraph 144 states a legal conclusion to which no answer is required. To the extent an answer is required, TPI denies the allegations of this paragraph.

145. **[Improperly labeled as 141.]** Denied.

146. **[Improperly labeled as 142.]** Denied.

147. **[Improperly labeled as 143.]** Denied.

148. **[Improperly labeled as 144.]** Denied.

149. **[Improperly labeled as 145.]** Denied.

150. **[Improperly labeled as 146.]** Denied.

151. **[Improperly labeled as 147.]** Denied.

## TPI'S AFFIRMATIVE DEFENSES

1. TPI hereby realleges and incorporates by reference its above answers to the allegations of the Association's counterclaims as though fully set forth herein.

2. TPI hereby realleges as affirmative defenses and incorporates by reference its claims and its allegations set forth in its First Amended Complaint as though fully set forth herein.

3. The Association's counterclaims fail to state a claim against TPI upon which relief can be granted.

4. The Association's counterclaims asserted against TPI fail for the reason that the Association was the first to materially breach the agreements at issue.

5. The Association's counterclaims asserted against TPI fail for the reason that the Association is not the proper party in interest.

6. The Association's counterclaim for fraud fails because the Association has not properly pleaded its claims for fraud, in that it fails to state the alleged circumstances constituting fraud as required by Rule 9(b), such as the content of the statements, the date or time of any such statements, or the identity of the speaker.

7. The Association's damages, if any, were caused by the actions or inactions of the Association or Defendant Summerwinds.

8. The Association has failed to mitigate damages.

9. The Association's equitable counterclaims against TPI fail because the Association has unclean hands, has acted improperly toward TPI and/or acted with improper motives toward TPI.

10. The Association has waived, by failing to act on its claims in a reasonable time, its claims against TPI.

11. The Association is estopped, by its own conduct and representations and TPI's reliance on the same, from succeeding on its counterclaims against TPI.

12. Because the Association has an adequate remedy at law for its alleged counterclaims against TPI, it is banned from any recovery against TPI under its equitable claims.

24969054v5

13. Because of the existence on a valid contract between TPI and the Association, Counts III-VIII of the Association's counterclaims fail as a matter of law.

14. The Association's counterclaims against TPI fail because the Association anticipatorily breached the agreements as issue.

15. Some or all of the Association's counterclaims against TPI fail as a matter of law due to being barred by the applicable statutes of limitation.

16. The Association's claims, which seek to enforce alleged obligations and/or contract terms not contained in the written agreements of the parties, violate the Statue of Frauds and are barred by applicable law.

17. The Association's claims fail as a matter of law as the Association undertook, or had the obligation to undertake, either on its own or through a third-party it retained to perform an audit, its own investigation of the payments made to TPI under the relevant agreements.

18. The Association's counterclaims and prayers for punitive or exemplary damages or relief are not recognized under applicable law and are therefore barred.

19. The Association's counterclaims and prayers for punitive or exemplary damages or relief are not recognized under applicable law as any submission or award of such damages by this Court would be unconstitutional, null and void in the following respects:

    (a) That if the burden of proof submitted is less than proof beyond a reasonable doubt and violates the provisions of Amendments V and VI and Section 1 of Amendment XIV of the Constitution of the United States;

    (b) That the allegations contained in the Association's counterclaim do not satisfy the requirements of Amendment VI of the Constitution of the United

States requiring that TPI be informed of the nature and cause of the accusation of criminal or criminal-type conduct being asserted against them;

(c) That any award made will be unconstitutionally vague in violation of the provisions of Amendments V and VI and Section 1 of Amendment XIV of the Constitution of the United States;

(d) That if an award is made such an award would be unconstitutionally vague in violation of the provisions of Amendments V and VI and Section 1 of Amendment XIV of the Constitution of the United States;

(e) That if evidence is admitted as an involuntary admission of or by TPI, than any award would be in violation of the provisions of Amendment V of the Constitution of the United States providing that no person shall be compelled to be a witness against himself and in violation of the provisions of Section 1 of Amendment XIV of the Constitution of the United States;

(f) That an award made it will be in violation of Amendments V and XIV of the Constitution of the United States granting each person "equal protection of the laws" in that no such standards are stated in fixing such damages, nor are such damages required to bear any relation to actual damages, degree of wrongdoing or any other standard by reason of which the jury is invited and authorized to punish on the basis of wealth, affluence or net worth.

20. TPI asserts that the Association has failed to state a claim for punitive damages because the procedures for asserting punitive damages, facilely and as applied to the facts in this case, violate the due process provisions of Amendment XIV of the Constitution of the United States, the excessive fines provision of Amendment VIII of the

Constitution of the United States and Article 1, Section 10 of the Constitution of the State of Missouri.

21. If the Association receives any settlement, recovery or payment from any non-party or party for the damages alleged in the Association's counterclaim, TPI is entitled to a credit for any such payments.

22. TPI expressly reserves the right to further amend its pleading to raise any additional affirmative defenses which may become known through the course of discovery in this lawsuit.

23. TPI is entitled, pursuant to its agreements with the Association and Defendant Summerwinds, to have a judgment against the Association and Defendant Summerwinds and in TPI's favor for TPI's attorney's fees and expenses in this matter.

WHEREFORE, Plaintiff TPI respectfully prays for this Court to enter judgment in TPI's favor and against Defendant Stormy Point Village – Phase III Property Owners Association, Inc. as to each claim asserted in its counterclaims, to dismiss each of those claims, to grant TPI its costs, expenses and reasonable attorneys' fees incurred in responding thereto, and to further grant such other and further relief at the Court deems just and proper.

Respectfully Submitted,

LATHROP & GAGE LLP


By: */s/ James E. Meadows*
    James E. Meadows    #50874
    Joshua B. Christensen    #63759
    910 E. St. Louis, Suite 100
    Springfield, MO  65806
    (417) 886-2000  FAX:  886-9126
    jmeadows@lathropgage.com
    jchristensen@lathropgage.com
    *Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and accurate copy of the foregoing was electronically filed this 15th day of December, 2015, with the Court's CM/ECF system which sent notification of such filing to the following:

Bryan O. Wade
Christopher Weiss
HUSCH BLACKWELL LLP
901 E. St. Louis Street, Suite 1800
Springfield, MO 65806
bryan.wade@huschblackwell.com
chris.weiss@huschblackwell.com
*Attorneys for Defendants*

                                               /s/ *James E. Meadows*
                                               Attorney of Record

24969054v5