IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| TRADING PLACES INTERNATIONAL, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 6:15-cv-03092-BP |
| | ) |
| SUMMERWINDS RESORT SERVICES, LLC, ET AL., | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT STORMY POINT VILLAGE – PHASE III
PROPERTY OWNERS ASSOCIATION, INC.'S
MOTION TO STRIKE PLAINTIFF'S AFFIRMATIVE DEFENSES
OR, ALTERNATIVELY, MOTION TO MAKE MORE DEFINITE AND CERTAIN**

Defendant Stormy Point Village – Phase III Property Owners Association, Inc. (the "Association") moves this Court pursuant to Federal Rule of Civil Procedure 12(f) to strike Plaintiff Trading Places International, LLC f/k/a Trading Places International, Inc.'s ("TPI") affirmative defenses 3, 5, 7-12, 15, and 22, or alternatively, to require TPI to make its affirmative defenses more definite and certain pursuant to Federal Rule of Civil Procedure 12(e). In support of its motion the Association states as follows:

**STANDARD OF REVIEW**

Courts may strike from any pleading an "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Under Rule 12(f), a court has discretion to strike affirmative defenses. *Schmidt v. Hosley Inern., Inc.*, 2015 WL 4134338, at *2 (E.D. Mo. July 8, 2015). Affirmative defenses are subject to Rule 8(a)'s requirement that a pleading must contain a "short and plain statement" of the basis of the defense. *Fidelity Nat. Title Ins. Co. v. Captiva Lake Investments, LLC*, 2011 WL 845928, at *1 (E.D. Mo. March 8,

2011). The Western District of Missouri applies the pleading standards of *Iqbal* and *Twombly* to affirmative defenses. *Openmethods, LLC v. Mediu, LLC*, 2011 WL 22921489, at *2 (W.D. Mo. June 8, 2011). This standard requires that the party pleading the affirmative defense provide "fair notice of what the defense is and the ground upon which it rests." *Joe Hand Promotions, Inc. v. Ridgway*, 2015 WL 1321477, at *1 (W.D. Mo. March 24, 2015). The defense must "contain sufficient factual matter to demonstrate the defense is plausible on its face; that is, it must create a reasonable inference that the plaintiff is subject to the defense in question." *School of the Ozarks, Inc. v. Greatest Generations Foundation, Inc.*, 2011 WL 1337406, at *1 (W.D. Mo. April 7, 2011). Where a defense merely lists the names of defenses without factual allegations, the defenses are properly stricken. *See id.*

## ARGUMENT

TPI's affirmative defenses 3, 5, 7-12, and 15 fail to meet the applicable pleading standards because they do not contain sufficient factual matter to provide fair notice of the grounds upon which they rest. Affirmative defense 3 merely alleges that the Associations counterclaims fail to state a claim, without an identification of which of the Association's eight counts in its counterclaim TPI is referencing or the basis for TPI's argument that any of the counterclaims fail to state a claim. A mere legal conclusion that plaintiff has failed to state a claim is properly stricken as legally insufficient. *PNC Bank, Nat. Ass'n v. SM & JH, LLC*, 2012 WL 2905047, at *2 (E.D. Mo. July 16, 2012). Furthermore, it is obvious from the face of the Association's detailed counterclaim that the Association has stated its claims with more than sufficient specificity to satisfy federal pleading standards.

Similarly, TPI's affirmative defense 5 only states the conclusion that the Association is "not the proper party in interest." There are no facts indicating the grounds upon which TPI

2

makes this assertion and does not demonstrate that this defense is plausible on its face. Given that the Association is a defendant named in TPI's First Amended Complaint, TPI's mere conclusion is insufficient to create a reasonable inference that the Association is subject to the defense that it is not the proper party in interest. Affirmative defense 5 is insufficient as a matter of law and should be stricken.

Affirmative defense 7 alleges only that the Association's damages, if any, were caused by the "actions or inactions" of the Association or Defendant Summerwinds. This allegation is vague, does not provide any factual basis demonstrating that the defense is plausible on its face, and is insufficient to provide the Association with fair notice of the defense TPI is asserting. The same flaws exist in affirmative defenses 8, 9, 10, 11, and 12: there are no factual allegations in support of any of the bare legal conclusions stated by TPI, and these defenses are therefore insufficient as a matter of law.

TPI asserts in affirmative defense 15 that the Association's counterclaims fail because they are barred by the applicable statutes of limitation. Again, there are no factual allegations supporting this legal conclusion. TPI cites no applicable statute of limitations for any of the Association's claims and makes no factual allegations demonstrating that any such statutes are applicable in this case. TPI has not stated sufficient factual matter to create the reasonable inference that the Association is subject to a statute of limitations defense as to any of its counterclaims, and affirmative defense 15 should therefore be stricken as insufficient.

Finally, the case law is clear that a reservation of right to amend is not an affirmative defense; rather, amendments are governed by the Federal Rules of Civil Procedure and orders of the district court. *Lutzeier v. Citigroup Inc.,* 305 F.R.D. 107, 112 (E.D. Mo. 2015); *CitiMortgage, Inc. v. Draper & Kramer Mortgage Corp.*, No. 4:10CV1784 FRB, 2012 WL 3984497, at *1

(E.D. Mo. Sept. 11, 2012).  In the event TPI discovers an affirmative defense during the course of discovery, it must petition this Court for leave to amend its pleading pursuant to Rule 15(a)(2).  *Handi-Craft Co. v. Travelers Cas. and Sur. Co. of America*, 2012 WL 1432566, at *5 (April 25, 2012).  A purported affirmative defense reserving the right to amend pleadings is therefore insufficient as a matter of law.  *Id.; see also Luzeier*, 305 F.R.D. at 112.  TPI's affirmative defense 22, in which TPI purports to reserve the right to amend its pleading to raise any additional affirmative defense, is insufficient as a matter of law and should be stricken.

Federal Rule 12(e) provides, "A party may move for more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."  A motion for more definite statement is proper when a party is unable to determine the issues that must be met, or where there is a major ambiguity or omission in the complaint that renders it unanswerable.  *Tinder v. Lewis County Nursing Home Dist.*, 207 F.Supp.2d 951, 959 (E.D. Mo. 2001).  In the event this Court does not strike affirmative defenses 3, 5, 7-12, and/or 15, the Association requests that the Court require TPI to make these defenses more definite and certain by stating sufficient facts indicating the grounds upon which TPI bases each affirmative defense so that the Association may properly prepare to defend against and/or rebut these affirmative defenses.

WHEREFORE, Defendant Stormy Point Village – Phase III Property Owners Association, Inc., prays this Court strike Plaintiff Trading Places International, LLC f/k/a Trading Places International, Inc.'s affirmative defenses 3, 5, 7-12, 15, and 22, or alternatively, to require TPI to make its affirmative defenses more definite and certain.

4

HUSCH BLACKWELL LLP

By: /s/ *Christopher F. Weiss*
Bryan O. Wade, #41939
Christopher F. Weiss, # 49314
901 St. Louis St., Suite 1800
Springfield, MO 65806
Office: (417) 268-4000
Fax No: (417) 268-4040
bryan.wade@huschblackwell.com
chris.weiss@huschblackwell.com

Attorneys for Defendants.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and accurate copy of the foregoing in both PDF and Microsoft Word format was emailed, and mailed, this 4th day of January 2016 the following counsel of record:

James Meadows
Joshua B. Christensen
Lathrop & Gage, LLP
910 East St. Louis Street, Suite 100
Springfield, MO 65806
jmeadows@lathropgage.com
jchristensen@lathropgage.com

/s/ *Christopher F. Weiss*
Attorney