IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

TRADING PLACES )
INTERNATIONAL, LLC, )
                                                 Plaintiff, )
                                                                                   ) Case No. 15-03092-CV-S-BP
       v. )

SUMMERWINDS RESORT SERVICES, )
LLC, et al., )
                                               Defendants. )

**ORDER**

This matter comes before the Court on Defendant Stormy Point Village – Phase III Property Owners Association, Inc.'s ("Stormy Point") Motion to Strike Plaintiff's Affirmative Defenses or, Alternatively, Motion to Make More Definite and Certain, (Doc. 44). For the following reasons, Defendant's Motion is denied.

**I.    BACKGROUND**

Plaintiff Trading Places International, LLC's ("TPI") is a property management organization. Defendant Stormy Point is a timeshare resort in Branson, Missouri. The dispute in this case centers on a series of agreements related to the management of Stormy Point. Stormy Point filed Counterclaims against TPI. (Doc. 37.) TPI filed an Answer to Counterclaims of [Stormy Point], which include 23 affirmative defenses asserted by TPI. (Doc. 43, pp. 13-17.) Stormy Point now argues that affirmative defenses 3, 5, 7-12, and 15 should either be stricken from the record or that TPI should be required to provide a more definite statement with factual support. TPI argues that Stormy Point has improperly represented the legal standard for

affirmative defenses and that its affirmative defenses set forth the necessary facts. The Court takes up the parties' arguments below.

## II. DISCUSSION

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike are generally disfavored and infrequently granted. *Stanbury Law Firm v. I.R.S.*, 221 F.3d 1059, 1063 (8th Cir. 2000). Stormy Point contends that the Court should apply the dismissal standards set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) to TPI's affirmative defenses. However, while some district courts have extended standards of *Iqbal* and *Twombly* to affirmative defense, this question has not been settled by any circuit courts. *See Bank of Beaver City v. Sw. Feeders, L.L.C.*, 2011 WL 4632887, at *5-6 (D. Neb. Oct. 4, 2011); *PNC Bank, Nat. Ass'n v. SM & JH, LLC*, 2012 WL 2905047 at *2, n.3 (E.D. Mo. July 12, 2012).

Here, the Court need not address whether to apply the plausibility standard to affirmative defenses for two reasons. First, TPI's defenses respond to Stormy Point's Counterclaims. TPI's Amended Complaint sets forth a factual basis for relief, which was specifically incorporated into its affirmative defense section. (Doc. 43, p. 13, ¶ 2.) Thus, Stormy Point is aware of the factual basis for TPI's position in this case. For example, one of TPI's defenses alleges Stormy Point is not the proper party in interest because, as set forth in the Amended Complaint, the parties dispute which contract is operative and which of the parties is bound by the operative contract. (*See* Doc. 36.) There is no need for TPI's defense to separately restate the facts in TPI's claims. Second, as pointed out by TPI, the affirmative defenses raised by TPI are similar to the affirmative defenses raised by Stormy Point. (*Compare* Doc. 37, ¶¶ D, G, *with* Doc. 43, ¶¶ 5, 9.)

2

This similarity makes it difficult to credit Stormy Point's contention that TPI's defenses are infirm, and would require the Court to order both Stormy Point and TPI to supplement their defenses.

For these reasons, the Court will not decide whether the plausibility standard should be applied to affirmative defenses because the necessary facts have been alleged and incorporated, and the parties' affirmative defenses have been alleged in similar ways. Therefore, the Court finds striking the affirmative defenses is not appropriate and a more definite statement is unnecessary.

### III. CONCLUSION

Accordingly, Defendant Stormy Point's Motion to Strike Plaintiff's Affirmative Defenses or, Alternatively, Motion to Make More Definite and Certain, (Doc. 44), is **DENIED**.

**IT IS SO ORDERED.**

/s/Beth Phillips
BETH PHILLIPS, JUDGE
UNITED STATES DISTRICT COURT

DATE: 3/3/2016