IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| TRADING PLACES INTERNATIONAL, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 6:15-cv-03092-BP |
| | ) | |
| SUMMERWINDS RESORT SERVICES, LLC, | ) | |
| ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

## MOTION FOR JURY TRIAL WITH SUGGESTIONS IN SUPPORT

COME NOW Defendants Summerwinds Resort Services, LLC, and Stormy Point Village – Phase III Property Owners Association, Inc., and move this Court to enter an order for jury trial on all issues for which a jury may be demanded, specifically, all counts of Plaintiff's Amended Complaint and Counts I, II, III, IV, VI, and VII of Defendants' Counterclaim. In support of their motion, Defendants state the following:

The Seventh Amendment to the United States Constitution guarantees the right to trial by jury in suits at common law where the value in controversy exceeds twenty dollars. Federal Rule of Civil Procedure 38 preserves this right to the parties in federal court. Although Rule 38 provides a deadline for demanding a jury trial, Rule 39(b) states that "the court may, on motion, order a jury trial on any issue for which a jury might have been demanded." The Eighth Circuit adopts the view that each application under Rule 39(b) should be approached with an open mind and that "jury trials ought to be liberally granted when no prejudice results[.]" *Littlefield v. Fort Dodge Messenger*, 614 F.2d 581, 585 (8th Cir. 1980).

Factors relevant to the determination of whether a Rule 39(b) motion for jury trial should be granted include (1) whether the issues to be tried are jury issues, (2) whether granting the motion would disrupt the schedule of the court or the adverse party, (3) the degree of prejudice to the adverse party, (4) the length of the delay in having requested a jury trial and (5) the reason for the movant's tardiness in requesting a jury trial. *Credit Bureau of Council Bluffs, Inc. v. Credit Bureau Data Ctrs.*, 143 F.R.D. 206, 212 (S.D. Iowa 1992) (citing *Daniel Intern. Corp. v. Fischbach & Moore, Inc.*, 916 F.2d 1061, 1064 (5th Cir. 1990)). The analysis of these factors and determination of whether a jury trial should be granted is based on the totality of the circumstances. *Pennington v. Allstate Ins. Co.*, 1996 WL 476007 at *2 (Aug. 18, 1996). The totality of the circumstances in the instant case weighs in favor of granting Defendants' request for trial by jury on all issues so triable.

First, the primary common law claims and issues in this case are properly decided by a jury. Plaintiff asserts claims for breach of contract and tortious interference in its Amended Petition. Defendants assert counterclaims for breach of contract, breach of fiduciary duty, fraud, money had and received, and unjust enrichment. Each of these claims is properly tried to a jury. *See Credit Bureau of Council Bluffs*, 143 F.R.D. at 212 (finding breach of contract, intentional interference with contract, breach of fiduciary duty, and fraud as the type of issues traditionally tried by a jury); *see also Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 43 (1989) (discussing right to jury trial for money had and received claim); *Dastgheib v. Benentech, Inc.*, 457 F. Supp. 2d 536, 543-44 (E.D. Pa. 2006) (discussing right to jury trial for unjust enrichment claim that is legal and nature and that seeks money damages).

Defendants are also entitled to a trial by jury on Plaintiff's claim for declaratory judgment. Declaratory relief per se is neither legal nor equitable, and the determination of

whether there is a right to jury trial in a declaratory judgment action is based upon a determination of the nature of the action in which the issue would have arisen absent the declaratory judgment procedure. *Northgate Homes, Inc. v. City of Dayton*, 126 F.3d 1095, 1098-99 (8th Cir. 1997). If there would have been a right to jury trial on the issue had it arisen in an action other than one for declaratory judgment, then there is a right to jury trial in the declaratory judgment action. *Id.* Plaintiff's count for declaratory relief asks this Court to determine the contractual rights of the parties. Absent declaratory judgment procedure, this claim would have arisen as one for breach of contract, to which there is clearly a right to jury trial. *See Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 479 (1962).

The existence of equitable issues does not change the fact that this case should be tried to a jury. The Eastern District has expressly determined that where the legal and equitable issues in a case are underpinned by the same genuine issues of disputed material fact, that factor weighs in favor of granting a motion for jury trial. *See Certain Underwriters at Lloyd's v. SSDD, LLC*, 2014 WL 2154154, at *6 (E.D. Mo. May 22, 2014). Likewise, the genuine issues of fact in this case weigh heavily in favor of trial by jury. The only equitable claim, Defendants' claim for equitable accounting, involves issues of fact that underlie the parties' legal claims as well. The existence of this claim does not act to deprive Defendants of their right to trial by jury on claims for which the right to jury trial is preserved.

As the United States Supreme Court held long ago, a petitioner has a right to have a jury determine what the contract is, whether it has been breached, and the extent of damages, if any. *Dairy Queen*, 369 U.S. at 479. Where a party includes both equitable and legal claims in the same cause of action, the party is entitled to trial by jury on factual issues regarding its legal claim and the normal practice is to try both claims to a jury. *Bostic v. Goodnight*, 443 F.3d 1044,

1049 (8th Cir. 2006) (citing *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 480 (1962)); *Brownlee v. Yellow Freight Sys., Inc.*, 921 F.2d 745, 749 (8th Cir. 1990) (citing *Dairy Queen Inc. v. Wood*, 369 U.S. 469, 479 (1962); *Ross v. Bernhard*, 396 U.S. 531, 537-38 (1970)). The legal issues must be determined prior to the final court determination of equitable claims. *Bostic*, 443 F.3d at 1049. "In this way, the jury's verdict will conclusively settle these common issues, and only issues peculiar to the equitable claim will be left to be decided by the judge." *Brownlee*, 921 F.2d at 749. Relying on *Dairy Queen*, the Eighth Circuit in *Bostic* upheld the district court's action in conducting a jury trial of legal claims prior to performing an equitable accounting. *Id.*

Furthermore, granting this motion will not result in a disruption of the schedule of the Court or Plaintiff, will not delay trial of this matter, and will not result in prejudice to Plaintiff. Analysis of whether a request for jury trial will disrupt the schedule of the Court examines the extent to which the request for jury will have significant implications for the Court's docket or for the scheduling of the case. *Credit Bureau of Council Bluffs*, 143 F.R.D. at 213. In *Credit Bureau of Council Bluffs*, Plaintiff filed suit on January 27, 1989, and made its request for jury trial over three years later on June 23, 1992. 143 F.R.D. at 208. In granting the request for jury trial, the court reasoned that there would be no disruption of the schedule of either the court or the adverse party because the request was granted a month prior to trial. *Id.* at 213. This differs from the situation in *Littlefield*, where the Eighth Circuit found no abuse of discretion where the district court denied a request for jury trial not made until the pretrial conference and there was evidence the requesting party intended to delay trial. 614 F.2d at 585.

Defendants first note that their request for jury trial is made only three months after the initial deadline for making such demand. Defendants' Answer to Plaintiff's Amended Complaint was filed November 24, 2015. Per Rule 38(b), its demand for jury trial was due

December 8, 2015. Just over three months have passed since the expiration of this deadline. The district court for the Eastern District of Missouri, without hesitation, granted a motion for jury trial under the same conditions in *Waldermeyer v. ITT Consumer Financial Corp.*, 767 F. Supp. 989, 994 (E.D. Mo. 1991) (granting Plaintiff's request for jury trial made 2 months after filing his second amended petition). In *Certain Underwriters*, the Eastern District granted a motion for jury trial that was seven months out of time. 2014 WL 2154154, at *6.

Additionally, granting Defendants' request will cause no disruption of the Court's schedule and no prejudice to Plaintiff. This case is still in very early stages: the parties have only recently completed the first round of written discovery and have not yet begun taking depositions. According to the Amended Scheduling Order recently entered by this Court, discovery will remain open until August 23, 2016, and trial is scheduled to begin on February 21, 2017. Because the parties have only begun the discovery process, there will be no prejudice to Plaintiff to grant Defendants' request for jury trial at this time. *See Credit Bureau of Council Bluffs*, 143 F.R.D. at 211-12 (distinguishing *Richards v. Procter & Gamble Mfg. Co.*, 753 F. Supp. 71 (E.D.N.Y. 1991) (finding prejudice where defendants did not conduct discovery in preparation for jury trial)). Defendants' request for jury trial is made with sufficient time prior to trial that it will not disrupt the parties' or the Court's schedule. Defendants' request here is certainly timelier than Plaintiff's request in *Credit Bureau of Council Bluffs*, which occurred over three years into the suit and was granted only one month prior to trial. Similarly, in *Certain Underwriters*, the court granted a motion for jury trial on May 22, with trial set for July 21 of the same year. 2014 WL 2154154 at *6. Granting Defendants' request in this case will not further postpone or otherwise change the schedule of the Court or Plaintiff.

The Eighth Circuit has long recognized that "jury trials ought to be liberally granted when no prejudice results." *Littlefield*, 614 F.2d at 585. Defendants' request for jury trial is made in the early stages of this case, will cause no additional delay or disruption of the Court's or Plaintiff's schedule, and will result in no prejudice. Therefore there is no sound basis upon which Defendants should be denied their Constitutional right to jury trial in this matter.

WHEREFORE, Defendants Summerwinds Resort Services, LLC, and Stormy Point Village – Phase III Property Owners Association, Inc., pray this Court enter an Order for jury trial on all issues for which a jury may be demanded, specifically, all counts of Plaintiff's Amended Complaint and Counts I, II, III, IV, VI, and VII of Defendants' Counterclaim, and for such further relief as the Court deems just, equitable, and proper.

**HUSCH BLACKWELL LLP**

By: /s/Christopher F. Weiss
  Bryan O. Wade, #41939
  Christopher F. Weiss, # 49314
  901 St. Louis St., Suite 1800
  Springfield, MO 65806
  Office: (417) 268-4000
  Fax No: (417) 268-4040
  bryan.wade@huschblackwell.com
  chris.weiss@huschblackwell.com

***Attorneys for Defendants.***

## **CERTIFICATE OF SERVICE**

   The undersigned hereby certifies that the foregoing document was served via the court's electronic notification system this 18th day of March, 2016, to the following counsel of record:


James Meadows
Joshua B. Christensen
Lathrop & Gage, LLP
910 East St. Louis Street, Suite 100
Springfield, MO 65806
jmeadows@lathropgage.com
jchristensen@lathropgage.com


               /s/ *Christopher F. Weiss*
               Attorney