**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| TRADING PLACES | ) | |
| INTERNATIONAL, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 15-03092-CV-S-BP |
| v. | ) | |
| | ) | |
| SUMMERWINDS RESORT SERVICES, | ) | |
| LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**STIPULATED PROTECTIVE ORDER**

Upon the agreement of the parties, and upon a finding of good cause, the Court enters the following Protective Order pursuant to Rule 26(c).

**IT IS HEREBY ORDERED THAT:**

1.      This order shall govern the handling, disclosure and disposition of all documents and information, depositions and deposition exhibits, interrogatory answers and answers to requests for admissions in this action (hereinafter referred to as "Discovery Materials").

2.      When used in this Protective Order, the following words shall have the following meanings:

(a)      "Disclose" or "Disclosure" means to show, give, or make available any Documents or Discovery Materials, or any part, reproduction, excerpt, or summary thereof.

(b)      "Producing Party" means, as the circumstances may determine, the party that supplies or otherwise provides access to Discovery Materials pursuant to the terms of this Protective Order.

(c)     "Confidential Information" shall include, any document, testimony, or response to a discovery request, including an extract, abstract, chart, summary, recording, transcription, note or copy made therefrom, that is designated by Plaintiff, Defendant or a third party, as containing proprietary business information, confidential financial information, personnel information, customer contracts, trade secrets or personal identification information.

3.      In finding good cause for the entry of this Protective Order, the Court has considered and relied upon the following factors:

(a)     It is desirable for the parties in the litigation and their respective counsel to coordinate their efforts and to exchange information for purposes of this litigation in the most expeditious fashion possible, with a minimum of burden, expense, disputes, and delay.

(b)     This litigation relates to private and confidential matters, including but not limited to, sensitive and confidential banking and financial information.  There is good cause to prevent the misuse or dissemination of such information. There is good cause to enter this Protective Order to protect the confidentiality of Discovery Materials deemed by the parties to be "Confidential" to ensure that the parties can obtain and pursue discovery with a minimum of delay and expense.

4.      Unless otherwise agreed by the parties or ordered by the Court, all Discovery Materials that are designated as "Confidential" and the contents thereof shall be subject to the terms of this Protective Order.

5.      All parties to this litigation who receive Confidential Discovery Materials are bound by the terms of this Protective Order.

2

6.     The producing party shall place a stamp or legend on documents or other Discovery Materials designating those that are Confidential.  A party may also designate as Confidential information disclosed in depositions by notifying the receiving parties of such designation on the record during the deposition or by providing written notice within 60 days of receipt of the transcript.  Such designation should describe the specific portions of the deposition testimony and/or exhibits to be deemed Confidential.  All deposition transcripts shall be treated as Confidential from the time taken until 60 days after receipt if the transcript.

7.     If a party seeks to establish that certain Discovery Materials designated as Confidential are/is not entitled to such status and protection, the party through its attorneys shall inform counsel for the designating party of the basis for its objection.  If the parties cannot resolve the dispute, the challenging party may bring the matter to the Court for resolution pursuant to Local Rule 37.1. The documents or information brought to the attention of the Court pursuant to this paragraph shall remain subject to this Protective Order pending ruling by the Court.

8.     Discovery Materials designated as Confidential by the parties may be used only for purposes of: 1) preparing for and conducting pretrial proceedings; 2) preparing for and conducting trial proceedings in this action or any related action or appeal; 3) preparing witnesses for his or her respective deposition or depositions; 4) in mediation or any other attempts, offers or demands to settle this matter; and 5) in working with and providing to testifying or consulting experts.

9.     Confidential Discovery Materials shall be disclosed only to the parties and their counsel, a party's board member, any parent or subsidiary company of a party and may be disclosed by such counsel only to the following persons:

(a)    Counsel for the parties and any paraprofessionals, stenographic, administrative or clerical staff assisting counsel in the preparation of pretrial or trial proceedings;

(b)    Experts or consultants retained by counsel in connection with this matter or the related probate proceedings, provided that, before being shown any Confidential Discovery Materials, such persons shall be given a copy of this Order and advised they are bound by it;

(c)    Persons whose depositions are being taken or who are witnesses at any hearing or trial in this action; provided that, before being shown any Confidential Discovery Material, such persons shall be given a copy of this Order and advised they are bound by it;

(d)    The Court in which this action is pending or where the related proceedings are pending;

(e)    Any auditors engaged to audit the record or accounts of any party or any parent or subsidiary entity of a party;

(f)    To any state or federal regulatory authority, department or agency pursuant to a request for the same; and

(g)    To the employees, officer or agents of any entity that is a parent, subsidiary or affiliated entity of the party including, specifically, but not limited to Interval Leisure Group, Inc., and its subsidiaries.

10.    Any person having access to Confidential Discovery Material shall be prohibited from disclosing any such information to any other person not authorized to receive disclosure pursuant to this order except as provided herein, and each such person shall take appropriate

4

measures to safeguard the confidentiality of the Confidential Discovery Material to prevent the willful or inadvertent disclosure thereof and to assure that the provisions of this Order are accomplished.  Any person having access to Confidential Discovery Material may disclose such information to any other person authorized to receive it under this Protective Order.

11.    Due to the potentially significant volume of documents and other discoverable information in the possession, custody, or control of the parties, as well as the numerous concerns regarding attorney-client privilege and work product protection in light of the parties' prior litigation, the Court enters this "Clawback" Provision to expedite and facilitate the production of electronic and hard copy data, information and documents, and to protect against inadvertent disclosure of attorney-client privileged communications  or work product materials. The inadvertent disclosure or production of any information or Documents that is subject to an objection on the basis of attorney-client privilege or work-product protection will not be deemed to waive a party's claim to its privileged or protected nature or estop that party or the privilege holder from designating the information or Document as attorney-client privileged or subject to the work product doctrine at a later date.  Any party receiving any such information or Document shall return it upon request from the producing party.  Upon receiving such a request as to specific information or Documents, the receiving party shall return the information or Documents to the producing party within five (5) business days, regardless of whether the receiving party agrees with the claim or privilege and/or work-product protection.  However, the party returning any such documents shall thereafter have the right to apply to the Court, pursuant to Local Rule 37.1, for an order that such Documents are not protected from disclosure by any privilege or protection.  Disclosure of the information or document by the other party prior to such later designation shall not be deemed a violation of the provisions of this order.  Any

5

privilege or protection, including the attorney client privilege and work-product in this or any other federal or state proceeding is not waived by Disclosure, inadvertent or intentional, in the case. This Clawback Provision shall be governed by Federal Rule of Evidence 502(d) and is entered pursuant to Federal Rule of Civil Procedure 26(c)(1).

12.     Any designation of confidentiality by a party under this order shall not restrict the use of Confidential Discovery Material at trial or in connection with motions, hearings, or other communications with the Court in this action; provided that, Confidential Discovery Materials or any pleading, motion or other paper containing or revealing Confidential Discovery Materials shall be treated as confidential by the parties and filed under seal. A party seeking to file Confidential materials under seal shall file a motion to place such documents under seal in accordance with the Court's Local Rules and the Court's CM/ECF Administrative Procedures Manual and Users Guide, and obtain an order granting such motion.

13.     The producing party is authorized to redact from any Confidential Discovery Materials produced all personal identification and private information regarding non-parties to the litigation, including names, social security numbers, policy numbers, account numbers, and contact information. However, nothing in this section shall prohibit a party from seeking an order to disclose any redacted information that may be relevant to the claims and defenses in this litigation or which may lead to the discovery of admissible evidence.

14.     Prior to the trial of this or any other action in which the Confidential Discovery materials described herein are produced subject to this order, counsel for all parties shall seek to reach agreement on the handling of Confidential Discovery Materials at the trial so as to provide as much protection possible against public disclosure without in any way infringing upon the rights of the parties to present all evidence at trial which they deem necessary.

15.     Nothing Contained in this Order shall prevent or prohibit a party from seeking additional protection as may be necessary to protect Confidential Discovery Materials or from seeking relief from the provisions of this Order.

16.     This order is without prejudice to the right of any party to assert or bring before the Court at any time other objections to the production of Confidential Discovery Materials.

17.     To the extent that a governmental entity becomes a party or comes into possession of the documents, submission of Confidential Discovery Material to that entity does not make that Confidential Discovery Material a public record, to the extent allowed by law.

18.     Nothing herein restricts the use a party may make of any Documents produced by that party or Confidential Discovery Materials generated by that party in this litigation.

19.     This Protective Order has been entered by the Court to facilitate discovery and the production of relevant evidence in this action.  Neither the entry of this Protective Order nor the parties' actions with respect to entering into, enforcing, or seeking relief from the terms of this Protective Order shall constitute evidence with respect to any issue in this action.

**IT IS SO ORDERED.**

/s/ Beth Phillips
BETH PHILLIPS, JUDGE
UNITED STATES DISTRICT COURT

DATE:  March 24, 2016

7