IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| TRADING PLACES INTERNATIONAL, LLC, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 15-03092-CV-S-BP ) ) |
| SUMMERWINDS RESORT SERVICES, LLC, et al., | ) ) ) |
| Defendants. | ) ) |

## **ORDER**

This case comes before the Court on Defendants' Motion for Jury Trial, (Doc. 53). After reviewing the parties' arguments, the Court grants Defendants' Motion.

### **I.     Background**

Plaintiff Trading Places International, LLC filed this suit, relating to a management contract, against Defendants Summerwinds Resort Services, LLC and Stormy Point Village – Phase III Property Owners Association, Inc. on February 27, 2015. (Doc. 1.) Defendants were originally represented by Joshua Neally, who filed Motions to Dismiss on their behalf. (Docs. 7, 8.) Plaintiff requested leave to amend the complaint, which was granted, and the pending Motions to Dismiss were denied as moot. (Docs. 15, 18, 19.) During this time, Defendants' current counsel entered their appearance in this case. (Docs. 16, 17.) Defendants filed an Answer and Counterclaim on November 24, 2015, which has counts for breach of contract, breach of fiduciary duty, fraud, money had and received, and unjust enrichment. (Doc. 37.) Discovery closes in this case on August 23, 2016 and trial is set for February 21, 2017. (Doc. 51.)

The parties agree that Defendants failed to demand a jury trial by December 8, 2015 as required by Federal Rule of Civil Procedure 38(b).[1] However, Defendants request the Court order a jury trial pursuant to Federal Rule of Civil Procedure 39(b). Plaintiff objects to this request because (1) Defendants waived the right to a jury trial by failing to timely demand it; and (2) Defendants fail to show why this waiver should be excused. The Court takes up the parties' arguments below.

**II.     Discussion**

Pursuant to Rule 39(b), courts have discretion to grant a motion for jury trial on suitable issues, even when no demand was made. The Eighth Circuit has held that "courts 'ought to approach each application under Rule 39(b) with an open mind,' and that jury trials ought to be liberally granted when no prejudice results[.]" *Littlefield v. Fort Dodge Messenger*, 614 F.2d 581, 585 (8th Cir. 1980) (internal citation omitted). District courts in the Eighth Circuit have considered five factors when evaluating whether to grant Rule 39(b) motions: "(1) whether the case involves issues which are best tried to a jury; (2) whether granting the motion would result in a disruption of the court's schedule or that o[f] an adverse party; (3) the degree of prejudice to the adverse party; (4) the length of the delay in having requested a jury trial; and (5) the reason for the movant's tardiness in requesting a jury trial." *Credit Bureau of Council Bluffs, Inc. v. Credit Bureau Data Centers, Inc.*, 143 F.R.D. 206, 212 (S.D. Iowa 1992) (citing *Daniel Intern. Corp. v. Fischbach & Moore, Inc.*, 916 F.2d 1061, 1064 (5th Cir. 1990); *Parrott v. Wilson*, 707 F.2d 1262, 1267 (11th Cir.), *cert. denied*, 464 U.S. 936 (1983)).

Plaintiff does not contend there are issues in this case that are not suited to a jury trial, or that granting the motion will disrupt the current schedule or cause prejudice to Plaintiff. Plaintiff

---

[1] "On any issue triable of right by a jury, a party may demand a jury trial by . . . serving the other parties with a written demand--which may be included in a pleading--no later than 14 days after the last pleading directed to the issue is served[.]" Fed. R. Civ. P. 38(b)(1).

contends that three months is a significant delay, and focuses its argument on the undisputed fact that Defendants waived the right to a jury, and the lack of explanation for the delayed request. Defendants acknowledge that their request has been made approximately three months late, and do not explain the reason for the delayed request in their Motion.  However, the Reply states that a jury demand was not made due to the change in counsel and the increasing complexity of the case.  (Doc. 56, p. 3.)  Defendants' current counsel failed to realize no demand had been made until after the deadline had passed.

While Defendants' counsel should have reviewed this issue, particularly when preparing an Answer and Counterclaim, the Court finds that denying Defendants a jury trial under these circumstances would be a harsh result in light of the lack of harm to Plaintiff by granting the Motion.  Given that discovery closes in August and trial is set next February, and the lack of evidence of any prejudice to Plaintiff in granting the Motion, the Court finds the factors favor granting Defendants' Motion.

### III. Conclusion

Accordingly, Defendants' Motion for Jury Trial, (Doc. 53), is **GRANTED**.  The deadlines set in the Amended Scheduling and Trial Order, (Doc. 51), which includes deadlines for jury instructions and voir dire questions, shall remain in effect.

**IT IS SO ORDERED.**

/s/ Beth Phillips
BETH PHILLIPS, JUDGE
UNITED STATES DISTRICT COURT

DATE:  May 5, 2016